### R. T. COLLINS *v.* J. W. GRAVES.

<span style="float:right">13   95<br>48   46</span>

Where the jury have not rendered a *distinct* verdict on a claim set up by the defendant in reconvention the case will be remanded for a new trial.

APPEAL from the District Court of the parish of Carroll, *Farrar*, J.   *Goodrich* and *DeFrance*, for plaintiff.   *L. Selby*, for defendant and appellant.

COLLINS
·v.
GRAVES.

COLE, J.  Plaintiff sues the defendant for five hundred dollars for medical services.

The bill is as follows:

LAKE PROVIDENCE, LA., 1855.

J. W. Graves,

To R. T. Collins, Dr.

1855.  To waiting on himself, wife, daughter, son and negro woman during the yellow fever, at $100 00 each................................$500 00

Defendant pleaded the general denial and also set up a reconventional demand for $209 50.

The case was tried before a jury who rendered a verdict for "one hundred and fifty dollars with interest from maturity till paid, and costs of suit."

The testimony as to the usual price of physicians in the parish of Carrol in yellow fever epidemics is contradictory.

A part of the evidence shows, that the price for a visit is double of what it is in ordinary cases, whilst other testimony establishes, that the price is one hundred dollars for heads of the family and fifty dollars for each other member thereof.

We think the lowest estimate is a reasonable compensation for the services of plaintiff in this case.

The existence of epidemics does not authorize exorbitant fees.  Vide Succession of Victor Duclos, 11 An., 406.

Adopting this estimate, it is impossible to determine the value of plaintiff's services, for the only evidence is that of Roberts, who testifies, that he knows "from what both parties said to him, that Dr. Collins did attend to the cases in Mr. Graves' family, some four or five in number."

According to the lowest estimate of the value of plaintiff's services he is entitled to be paid double of the ordinary price for a visit, but there is no evidence to establish the number of his visits.

Defendant had the right to plead his plea in reconvention, because plaintiff resided at the time of the institution of the suit and during its continuance in a different parish from the residence of defendant; the jury, however, did not render any distinct verdict on the claim in reconvention, and we cannot say whether they took it into consideration in their verdict or not.

We think the case ought to be remanded to give the plaintiff the opportunity of proving the number of his visits, and to have the opinion of the jury, or of the court in the event the jury is waived on the reconventional demand of defendant.

It is, therefore, ordered, adjudged and decreed, that the verdict of the jury and the judgment of the court thereon be avoided and reversed, and that this cause be remanded for further proceedings according to law, and that appellee pay the costs of appeal.